UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:22-cv-01547 DAD DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county jail inmate proceeding pro so, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants infringed on a patent held by plaintiff. Before the court is plaintiff's complaint for screening (ECF No. 1) and his motion to proceed in forma pauperis (ECF No. 2). Also before the court is defendant Asutra's motion to dismiss. (ECF No. 9.)

For the reasons stated below, it will be recommended that plaintiff's complaint be dismissed without leave to amend as duplicative. Plaintiff motion to proceed in forma pauperis will be denied as moot and defendant Asutra's motion to dismiss will be denied with prejudice as premature.

////

////

1

**SCREENING**

I.    **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////
////
////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff names as defendants to this action Asutra LLC, The California Department of Corrections and Rehabilitation ("CDCR"), the County of Sacramento, and Psychologist Deanna Patterson. (ECF No. 1 at 11-13.)

In the complaint, plaintiff alleges the following: plaintiff is the founder and owner of a company named "Baby Dynasty Inc." (Id.) When plaintiff was transferred to Sacramento County Main Jail in 2021, correctional officers "seized…plaintiff's manuscripts and business plans" and later gave them to another inmate and defendant Patterson. (Id. at 13.) Defendant Patterson then "sold, traded, used and gave away plaintiff's manuscripts without it's [sic] permission." (Id. at 14.) Plaintiff later identified "advertisements by defendant Asutra in

3

1  magazines that advertised Asutra muscle pain relief with magnesium, which resembles plaintiff's
2  patented product." (Id.)

3        Plaintiff's claim broadly appears to be that Defendant Patterson, receiving plaintiff's
4  business plans from correctional officers, provided a private business, Asutra, with information
5  about inventions plaintiff allegedly holds a patent on. Plaintiff seeks in the form of injunctive
6  relief, monetary damages, and attorney's fees.

7  **III.    Does Plaintiff State a Claim under § 1983?**

8        The claims in this complaint are notably similar to other actions filed by the plaintiff in
9  this court. In particular, the claims raised in this action share the vast majority of facts with the
10  complaint in Rojas v. Dunkin, 2:22-cv-1602 DAD KJN. "A complaint 'that merely repeats
11  pending or previously litigated claims' " is subject to dismissal under 28 U.S.C. § 1915(e). "[A]
12  duplicative action arising from the same series of events and alleging many of the same facts as
13  an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey, 846
14  F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the
15  enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of
16  litigation.' " Adams v. California Dept. of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007)
17  (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

18        To determine whether a claim is duplicative, courts use the test for claim preclusion.
19  Adams, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first,
20  [courts] examine whether the causes of action and relief sought, as well as the parties or privies to
21  the action are the same." Id. at 689 (citations omitted). "Plaintiffs generally have no right to
22  maintain two separate actions involving the same subject matter at the same time in the same
23  court against the same defendant." Id. at 688 (internal quotation marks and citations omitted).

24        Large portions of the complaint in this action and in Rojas v. Dunkin, 2:22-cv-1602 DAD
25  KJN are identical with some alterations made as to the defendants and the alleged products
26  involved. In both instances, plaintiff claims that plaintiff's "manuscripts and business plans"
27  were taken from him upon his arrival in the Sacramento County Main Jail, defendant Patterson
28  later received these documents, defendant Patterson "sold, traded, used and gave away" these

1  documents, and that plaintiff discovered that a private business was subsequently infringing on a
2  patent he held when he saw advertisements from that business.  (ECF No. 1 at 13-14.)  Based on
3  the facts alleged in both complaints, these are the same events.  Plaintiff also identifies many of
4  the same defendants in both actions and seeks the same relief.

5  Given these facts, the court finds this action is duplicative of Rojas v. Dunkin, 2:22-cv-
6  1602 DAD KJN because it repeats largely the same allegations against many of the same
7  defendants and seeks the same relief.  Accordingly, it will be recommended that the complaint
8  should be dismissed.

9  **IV.  Leave to Amend**

10  For the reasons stated above, the complaint should be dismissed.  The undersigned has
11  carefully considered whether plaintiff may amend the complaint to state a claim upon which relief
12  can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith,
13  prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d
14  1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Assn. v. Klamath Med. Serv. Bureau,
15  701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the
16  court does not have to allow futile amendments).  Here, given the defects noted above, the
17  undersigned finds that granting leave to amend would be futile as amending the complaint cannot
18  resolve the duplicative nature of this action.

19  **IN FORMA PAUPERIS**

20  Plaintiff has submitted a request to proceed in forma pauperis.  (ECF No. 2.)  However, as
21  it will be recommended that this action be dismissed, plaintiff's motion (ECF No. 2) will be
22  denied as moot.  Should these findings and recommendations not be adopted, plaintiff may file a
23  renewed motion to proceed in forma pauperis.

24  **DEFENDANT ASUTRA'S MOTION TO DISMISS**

25  Defendant Asutra has also submitted a motion to dismiss this action.  (ECF No. 9.)
26  However, as this is a prisoner civil rights action, it is subject to the screening requirements of 28
27  U.S.C. § 1915A(a).  Plaintiff's complaint has not yet been found to contain cognizable claims and
28  ////

directed service of this action on the defendants.  As such, defendant Asutra's motion to dismiss (ECF No. 9) is premature and will be dismissed without prejudice.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied as moot.
2. Defendant Asutra's motion to dismiss (ECF No. 9) is denied as premature.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend as duplicative.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 24, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/roja1547.scrn.fr_dism

6